# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ROCKY D. JOHNS**                                            **PLAINTIFF**
**ADC #163599**

**V.**                        **NO. 4:23-cv-00289-LPR-ERE**

**DEANGELO EARL**, *et al.*                                 **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

    **A.     Background**

Plaintiff Rocky D. Johns, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Johns alleges that, when ADC officials transferred him from the Wrightsville Unit

to the Hawkins Unit, they failed to complete property inventory sheets.[1] As a result, ADC officials caused him to lose his personal property, including photographs and books. He requests that ADC officials either return his property to him or that they compensate him for the loss of his property. He sues Warden/Superintendent DeAngelo Earl, Deputy Warden L. Louis, Captain Ivory McDaniel, and Sergeant Ridge. For the following reasons, Mr. Johns' claims should be dismissed based on his failure to state a plausible constitutional claim for relief.

B.   Analysis

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

---

[1] To the extent that Mr. Johns alleges that Defendants violated his constitutional rights by failing to follow ADC policy, this claim also fails. The law is well-settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

In deciding whether Mr. Johns has stated a plausible claim for relief under § 1983, the Court must assume the truth of all factual allegations in the complaint and determine whether they "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

Mr. Johns' complaint alleges that ADC officials lost his personal property when he was transferred to another ADC unit. However, a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss. See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Arkansas provides such a post-deprivation remedy by allowing Mr. Johns to file a claim for the value of his lost property with the Arkansas Claims Commission. See *McClinton v. Arkansas Dept. of Corr.*, 166 F. App'x 260, 260-61 (8th Cir. 2006); *Williams v. Campbell*, 25 F. App'x 477, 479 (8th Cir. 2001). Because Mr. Johns has an adequate post-deprivation remedy available to him under Arkansas law, he has failed to state a plausible due process claim.

## III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Johns' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk of the Corut be instructed to close this case.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 30th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE